IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KIMBERLY P., <br><br>　　　　　Plaintiff, <br><br>v. <br><br>FRANK BISIGNANO, Commissioner of Social Security, <br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br>Case No. 4:25-cv-00036-PK <br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff's appeal from the decision of the Social Security Administration denying her application for disability and disability insurance benefits.[1] The Court will reverse and remand for further proceedings.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 15, filed June 10, 2025.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

1

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A.     PROCEDURAL HISTORY

On July 1, 2022, Plaintiff applied for disability insurance benefits, alleging disability beginning on January 1, 2019.[8] The claim was denied initially and on reconsideration.[9] Plaintiff then requested a hearing before an ALJ,[10] which was held on December 19, 2023.[11] On February 15, 2024, the ALJ found that Plaintiff was not disabled.[12] The Appeals Council denied review on February 24, 2025,[13] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[14]

On April 4, 2025, Plaintiff filed her complaint in this case.[15] On April 8, 2025, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 255–56.

[9] *Id*. at 69–78, 79–89.

[10] *Id*. at 111–12.

[11] *Id.* at 42–68.

[12] *Id.* at 15–41.

[13] *Id.* at 1–7.

[14] 20 C.F.R. §§ 416.1481, 422.210(a).

[15] Docket No. 1.

2

Tenth Circuit.[16] The Commissioner filed an answer and the administrative record on May 13, 2025.[17]

Plaintiff filed her Opening Brief on June 10, 2025.[18] The Commissioner's Answer Brief was filed on July 24, 2025.[19] Plaintiff filed her Reply Brief on August 6, 2025.[20]

B.   RECORD EVIDENCE

Plaintiff sought benefits because of scoliosis, generalized anxiety disorder, rheumatoid arthritis in her knees and back, and bipolar disorder.[21] Plaintiff has a history of scoliosis, chronic back pain, rheumatoid arthritis, and depression.[22] She also has a history of swelling and ulcerations in her legs.[23] In her Function Report,[24] Plaintiff stated that she had scoliosis and arthritis, which made standing and sitting difficult. She stated that she was in constant pain and used a cane to walk. Before the ALJ, Plaintiff testified that she was unable to work due to her

---

[16] Docket No. 10.

[17] Docket No. 12.

[18] Docket No. 15.

[19] Docket No. 19.

[20] Docket No. 20.

[21] R. at 292.

[22] *Id.* at 466, 468, 469, 470–72, 479, 482–83, 513, 515–16, 521, 524, 526, 528, 531, 533–34, 538, 541, 543, 574, 576–78, 580, 591, 593, 608, 611, 625, 634, 789–90, 794–95, 797–98, 800, 805–08, 818–20, 828, 866–73, 875–82, 884–93, 894–98, 900–03, 947, 956, 1050, 1144, 1146, 1148–50, 1152–53, 1264, 1275, 1280, 1317, 1322, 1341–43, 1502–07, 1509–12.

[23] *Id.* at 475, 482, 521, 524, 526, 538, 541, 543, 548, 574, 577, 580, 621, 633, 652, 683, 687–88, 738, 743, 855, 863, 906, 922, 924, 926, 930–32, 1019, 1035, 1038, 1048, 1094, 1189, 1361, 1387, 1389, 1391.

[24] *Id.* at 310–18.

spinal issues.[25] She stated that she uses a cane and a walker to ambulate.[26] Plaintiff also stated that she suffered from mental health issues and that her mental health had declined.[27]

C.   THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2019, the alleged onset date.[28] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: disorders of the skeletal spine, venous insufficiency, major depressive disorder, general anxiety disorder, and substance abuse in remission.[29] At step three, the ALJ determined that Plaintiff did not meet or equal a listed impairment.[30] At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with certain limitations.[31] Then, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a cashier and flagger and, therefore, she was not disabled.[32]

## III. DISCUSSION

Plaintiff argues that the ALJ erred in the evaluation of the evaluation of the medical opinion evidence, that the RFC is not supported by substantial evidence, that the RFC does not

---

[25] *Id.* at 53.
[26] *Id.* at 53–54.
[27] *Id.* at 55.
[28] *Id.* at 21.
[29] *Id.*
[30] *Id.* at 21–24.
[31] *Id.* at 24–32.
[32] *Id.* at 32–34.

account for Plaintiff's moderate limitations, and that the ALJ's determination that the record did not establish the need for an assistive device is not supported. Because the Court agrees that the ALJ's assessment of Plaintiff's mental limitations was flawed, it will limit its discussion to that issue.[33]

The regulations prescribe a "special technique" to determine the severity or non-severity of mental impairments.[34] First, the ALJ establishes whether the claimant has a medically determinable mental impairment. Next, the ALJ rates the functional limitation resulting from such impairment in four broad functional areas.[35] If the limitations are rated as "none" or "mild," they are generally considered non-severe.[36] If a claimant's mental impairment is considered severe, it is considered in determining their RFC.[37]

At step two, the ALJ found that Plaintiff had a number of severe mental impairments, including depression and anxiety.[38] At step three, the ALJ found that Plaintiff had mild limitations in understanding, remembering, or applying information; mild limitations in

---

[33] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (declining to consider remaining issues raised by the claimant "because they may be affected by the ALJ's treatment of this case on remand"); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal.").

[34] *See Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013); 20 C.F.R. §§ 404.1520a, 416.920a.

[35] The regulations identify four broad functional areas: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3); 416.920a(c)(3). These are rated on a "five-point scale: None, mild, moderate, marked, and extreme." *Id.* §§ 404.1520a(c)(4); 416.920a(c)(4).

[36] *Id.* at 404.1520a(d)(1); 416.920a(d)(1).

[37] *Id.* at 404.1520a(d)(3); 416.920a(d)(3).

[38] R. at 21–24.

interacting with others; moderate limitations with regard to concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself.[39] The ALJ purported to account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace by limiting her to performing simple, routine tasks and frequent interaction with coworkers and the public.

      In making these determinations, the ALJ relied on the opinions of state agency psychological consultants Lynn Johnson, Psy.D.,[40] and Charles Raps, Ph.D.,[41] both of which he found persuasive. Drs. Johnson and Raps both assessed moderate limitations in concentrating, persisting, and maintaining pace. More specifically, Dr. Johnson found that Plaintiff had moderate limitations in the ability to: carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Dr. Johnson explained that Plaintiff was "[d]istractible due to anxiety over her physical health"[42] and that "[s]he needs encouragement to stay at work and accomplish tasks."[43]

---

[39] *Id.* at 23.
[40] *Id.* at 73–76.
[41] *Id.* at 83–86.
[42] *Id.* at 76.
[43] *Id.*

Dr. Raps largely agreed, finding moderate limitations in Plaintiff's ability to: carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. He noted that Plaintiff's "hypochondriacal concerns would likely increase under work stress."[44] He suggested limiting Plaintiff to "tasks typically learned in up to 6 months with relaxed production/time quotas."[45]

Plaintiff contends that the ALJ erred by not accounting for the moderate limitations opined by Drs. Johnson and Raps that the ALJ included in his assessment. The Court agrees. The Tenth Circuit has repeatedly found that merely limiting a claimant to simple, routine tasks or unskilled work does not sufficiently address moderate limitations in maintaining concentration,

---

[44] *Id.* at 86.
[45] *Id.*

persistence, or pace.[46] Other circuits are in accord.[47] As the agency explains, "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job."[48] Thus, "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment."[49]

The Tenth Circuit has found that in some instances "an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity."[50]

---

[46] *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (holding that merely limiting a plaintiff to "simple, routine, repetitive and unskilled tasks" in the RFC does not adequately incorporate a finding of moderate difficulties in the ability to carry out instructions, attend and concentrate, and work without supervision); *Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) (holding that where the ALJ makes findings regarding moderate difficulties in maintaining concentration, persistence, or pace, a general limitation to "unskilled" work is inadequate); *Groberg v. Astrue*, 505 F. App'x 763, 770 (10th Cir. 2012) ("A limitation to 'simple work' or 'unskilled jobs' is generally insufficient to address a claimant's mental impairments."); *Umbenhower v. Colvin*, No. 13-1398-SAC, 2015 WL 1470494, at *4 (D. Kan. Mar. 31, 2015) ("The case law is clear that when the ALJ finds a moderate difficulty in maintaining, concentration, persistence and pace, or gives great weight to a medical opinion with that limitation, a limitation in the RFC to simple, routine, repetitive and unskilled tasks fails to clearly relate or incorporate the moderate impairment.").

[47] *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004); *Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996).

[48] SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985).

[49] *Id.*

[50] *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016); *see also Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015).

But this is not always the case.[51] "Unless the connection between the limitation and the work is obvious," "the agency must ordinarily explain how a work-related limitation accounts for mental limitations reflected in a medical opinion."[52]

Here, the ALJ failed to provide an adequate explanation as to how a limitation to simple, routine tasks accounted for the moderate limitations in the ability to concentrate, persist, and maintain pace. Nor is there sufficient explanation as to how a limitation to simple, routine tasks addressed the moderate limitations contained in the opinions of the state agency psychological consultants, which the ALJ found persuasive.

While limiting Plaintiff to unskilled work may account for some of the limitations found by the state agency psychological consultants—and adopted by the ALJ—such as the ability to carry out detailed instructions,[53] it does not address the other limitations, like the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. This ability is required even for unskilled work.[54] Without more, the ALJ's RFC

---

[51] *Vigil*, 805 F.3d at 1204 ("There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations."); *Groberg*, 505 F. App'x at 770.

[52] *Parker v. Comm'r, SSA*, 772 F. App'x 613, 616 (10th Cir. 2019) (parentheses omitted).

[53] *Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (unskilled work does not require the "ability to remember detailed instructions, carry out detailed instructions, and interact appropriately with the public").

[54] Program Operations Manual System ("POMS") DI § 25020.010(B)(3)(i).

assessment is flawed,[55] rendering his reliance on the opinion of the vocational expert unsupported,[56] and this matter must be reversed for further proceedings.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court reverses and remands the Commissioner's decision.

DATED this 7th day of August, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge

---

[55] *Peterson v. Saul*, No. 19-cv-486 JHR, 2020 WL 1911567, at *12 (D.N.M. Apr. 20, 2020) (restriction to simple, routine tasks did not account for a moderate limitation in ability to complete normal workday and workweek without interruptions); *Vienna v. Saul*, No. 2:18-cv-00783-LF, 2019 WL 4686718, at *6 (D.N.M. Sept. 26, 2019) (holding that mental limitations essential to unskilled work—including ability to complete a workday and workweek—were not addressed by an RFC for unskilled work); *Cordova v. Berryhill*, No. 17-CV-0611 SMV, 2018 WL 2138647 at *8–9 (D.N.M. May 9, 2018) (holding that limiting the claimant to "simple, routine (or unskilled) work . . . does not account for moderate limitations in her ability to [ ] complete a normal workday and workweek without interruptions").

[56] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.") (internal quotation marks and citation omitted).